UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS PEREZ,
Plaintiff,

v.

JOHN DOE, an individual whose identity is
currently unknown, and DOORDASH, INC.,
Defendants.

Case No. 22-11265
District Court Judge
Magistrate Judge

Marc J. Mendelson P52798
Eric M. Simpson P57232
Joshua B. Farr P74107
Mike Morse Law Firm
24901 Northwestern Hwy., Ste. 700
Southfield, MI 48075-1816
Phone: (248) 350-9050
jfarr@855mikewins.com
mdebski@855mikewins.com

*Attorneys for Plaintiff*

J. Travis Mihelick, P73050
Dinsmore & Shohl, LLP
900 Wilshire Dr., Ste. 300
Troy, MI 48084
Phone: (248) 647-6000, Fax: (248) 647-5210
travis.mihelick@dinsmore.com

Julia T. Stuebing, P81227
Dinsmore & Shohl, LLP
300 N. Fifth Ave., Ste. 120
Ann Arbor, MI  48104
Phone: (734) 773-4051, Fax: (734) 913-6007
julia.stuebing@dinsmore.com

*Attorneys for DoorDash, Inc. only*

**CIVIL COVER SHEET**

**NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**NOTICE OF FILING OF REMOVAL**

**CERTIFICATE OF SERVICE**

Date:  June 8, 2022

DINSMORE & SHOHL, LLP

*/s/ Julia T. Stuebing*

_____
J. Travis Mihelick, P73050
900 Wilshire Dr., Ste. 300

1

Troy, MI 48084
Phone: (248) 647-6000, Fax: (248) 647-5210
travis.mihelick@dinsmore.com

Julia T. Stuebing, P81227
300 N. Fifth Ave., Ste. 120
Ann Arbor, MI  48104
Phone: (734) 773-4051, Fax: (734) 913-6007
julia.stuebing@dinsmore.com

*Attorneys for DoorDash, Inc. only*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Louis Perez

## DEFENDANTS

John Doe, an individual whose identity is currently unknown, and DoorDash, Inc.

**(b)** County of Residence of First Listed Plaintiff   Wayne, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc J. Mendelson,Eric M. Simpson, Joshua B. Farr, Mike Morse Law Firm, 24901 Northwestern Hwy., Ste. 700, Southfield, MI 48075-1816, (248) 350-9050

Attorneys *(If Known)* for DoorDash, Inc. only:
J. Travis Mihelick, Dinsmore & Shohl, LLP, 900 Wilshire Dr., Ste. 300, Troy, MI 48084, (248) 647-6000
Julia T. Stuebing, Dinsmore & Shohl, LLP, 300 N. Fifth Ave., Ste. 120, Ann Arbor, MI  48104, (734) 773-4051

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 1441, and 1445
Brief description of cause:
Tort - alleged motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Dana M. Hathaway   DOCKET NUMBER  Wayne Circuit 22-005342-NI

SIGNATURE OF ATTORNEY OF RECORD

June 8, 2022   */s/ Julia T. Stuebing*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other
　　　　　court, including state court? (Companion cases are matters in which　■ Yes
　　　　　it appears substantially similar evidence will be offered or the same　☐ No
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: <u>Wayne County Circuit Court (removal)</u>

Case No.: <u>22-005342-NI</u>

Judge: <u>Dana M. Hathaway</u>


Notes :

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS PEREZ,<br>Plaintiff, | Case No. 22-11265<br>District Court Judge<br>Magistrate Judge |
| v. | |
| JOHN DOE, an individual whose identity is<br>currently unknown, and DOORDASH, INC.,<br>Defendants. | |

| | |
|---|---|
| Marc J. Mendelson P52798<br>Eric M. Simpson P57232<br>Joshua B. Farr P74107<br>Mike Morse Law Firm<br>24901 Northwestern Hwy., Ste. 700<br>Southfield, MI 48075-1816<br>Phone: (248) 350-9050<br>jfarr@855mikewins.com<br>mdebski@855mikewins.com<br><br>*Attorneys for Plaintiff* | J. Travis Mihelick, P73050<br>Dinsmore & Shohl, LLP<br>900 Wilshire Dr., Ste. 300<br>Troy, MI 48084<br>Phone: (248) 647-6000, Fax: (248) 647-5210<br>travis.mihelick@dinsmore.com<br><br>Julia T. Stuebing, P81227<br>Dinsmore & Shohl, LLP<br>300 N. Fifth Ave., Ste. 120<br>Ann Arbor, MI 48104<br>Phone: (734) 773-4051, Fax: (734) 913-6007<br>julia.stuebing@dinsmore.com<br><br>*Attorneys for DoorDash, Inc. only* |

**NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

Defendant DoorDash, Inc. ("Defendant" or "DoorDash"), by and through its undersigned

counsel, gives notice of removal of this action to this Court pursuant to 28 U.S.C. § 1332, 1441,

and 1445, and respectfully states as follows:

1. On or about May 5, 2022 Plaintiff Louis Perez ("Plaintiff"), commenced this action,

   which is now pending in Wayne County Circuit Court, Michigan, case no. 22-005342-NI.

   DoorDash obtained a copy of the complaint on May 9, 2022, and formally accepted

service on May 19, 2022. A copy of all process, pleadings and orders served on DoorDash are attached hereto as **Exhibit 1**.

2. Removal is proper under 28 U.S.C. § 1441 where the Court has original subject matter jurisdiction over the action. This Court has original jurisdiction because (a) it is a civil action between citizens of different states and (b) the amount-in-controversy requirements are satisfied. *See* 28 U.S.C. § 1332(a).

3. Plaintiff is a natural person domiciled in the state of Michigan. Compl. ¶ 1.

4. Defendant John Doe is a fictitious person whose identity is currently unknown. Compl. ¶ 2.

5. DoorDash is a foreign corporation. DoorDash was, at the time of the commencement of this action, and has been since that time, a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the State of California. Therefore, for purposes of diversity of citizenship, DoorDash was and is a citizen of the States of Delaware and California and was not and is not a citizen of the State of Michigan. **Exhibit 2,** Michigan Licensing and Regulatory Affairs Listing for DoorDash, Inc.

6. There is complete diversity between Plaintiff and Defendants. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because DoorDash is not a citizen of the State of Michigan, and Plaintiff is not citizens of Delaware or California. Moreover, John Doe is a fictitious person, so his citizenship is disregarded for purposes of determining diversity jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); 28 U.S.C. § 1441.

7.  Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs. In the Complaint, Plaintiff alleges damages as follows:

> As a result of said collision, Plaintiff, Louis Perez, did suffer, and
> will continue to experience for an indefinite time into the future,
> severe and excruciating pain and suffering, humiliation and
> embarrassment, loss of earnings, and loss of his natural enjoyments
> of life, due to his injuries which include but are not limited to:
> ***blunt, traumatic injuries to his left knee including a complete
> tear to his anterior cruciate ligament, a medial meniscus tear,
> and tear to his medial collateral ligament requiring surgical
> intervention, and traumatic injuries to his back***, among others, all
> of which constitute a serious impairment of body function and/or
> serious, permanent disfigurement. Plaintiff suffered a serious
> impairment of body function. Plaintiff's impairment is objectively
> manifested; is an impairment of an important body function; and it
> affects the Plaintiff's general ability to lead his normal life.

Compl. ¶ 10 (emphasis in original).

8.  Moreover, Plaintiff also claims:

> excess economic loss damages, including wage loss or actual
> future loss of earnings to the extent that such losses are recoverable
> in excess of the no-fault statutory monthly and yearly maximums,
> pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess
> medical expenses above and beyond personal injury protection
> (PIP) medical benefits applicable to Plaintiff for the subject
> accident.

Compl. ¶ 12.

9.  A cause of action may be removed where the defendant establishes by a preponderance of

the evidence that the amount in controversy exceeds $75,000.00. *Hayes v. Equitable*

*Energy Resources Co*., 266 F.3d 560, 572 (6th Cir. 2001). The preponderance of

evidence standard requires only that the defendant allege facts sufficient to establish that

the plaintiff would more likely than not seek to recover more than the jurisdictional

amount. *Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 822 (6th Cir. 2006).

10. Considering the foregoing allegations, which suggest a "high-dollar dispute," the amount in controversy more likely than not exceeds $75,000. *Id.*; *see also Santos-Tiller v. Krispy Kreme Doughnut Corp.*, No. 16-10342, 2016 U.S. Dist. LEXIS 112786, *5-6 (E.D. Mich. Aug. 24, 2016).

11. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) has been met.

12. Removal of this action is timely. Pursuant to 28 U.S.C. § 1446(b), removal must be filed within 30 days after the receipt by the defendant of the initial pleading. This Notice is filed on June 3, 2022, within 30 days of receipt with Plaintiff's Complaint on May 9, 2022, and within 30 days of acceptance of service of the Summons and Complaint on May 19, 2022.

13. The United States District Court for the Eastern District of Michigan, Southern Division, is the proper venue for this action under 28 U.S.C. § 1441(a) because it presides over the county within which the Complaint was filed, which is Wayne County, Michigan.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of the initial Notice of Removal, as well as a Notice of Filing of the Notice of Removal, was filed with Wayne County Circuit Court, Michigan, and a copy of the same was served upon all parties. A copy of this filing is attached hereto.

15. DoorDash reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

16. DoorDash reserves all defenses and objections, including, without limitation, the defenses of insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and any other defenses or objections available under applicable law, and the

filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Defendant DoorDash, Inc., respectfully requests removal of this action from Wayne County Circuit Court, Michigan to this Court for all other appropriate proceedings.

Date:  June 8, 2022                                                DINSMORE & SHOHL, LLP

*/s/ Julia T. Stuebing*

_____
J. Travis Mihelick, P73050
Dinsmore & Shohl, LLP
900 Wilshire Dr., Ste. 300
Troy, MI 48084
Phone: (248) 647-6000, Fax: (248) 647-5210
travis.mihelick@dinsmore.com

Julia T. Stuebing, P81227
Dinsmore & Shohl, LLP
300 N. Fifth Ave., Ste. 120
Ann Arbor, MI  48104
Phone: (734) 773-4051, Fax: (734) 913-6007
julia.stuebing@dinsmore.com

*Attorneys for DoorDash, Inc. only*

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT

LOUIS PEREZ,                                    Case No. 22-005342-NI
Plaintiff,                                      Hon. Dana M. Hathaway

v.

JOHN DOE, an individual whose identity is
currently unknown, and DOORDASH, INC.,
Defendants.

---

Marc J. Mendelson P52798                    J. Travis Mihelick, P73050
Eric M. Simpson P57232                      Dinsmore & Shohl, LLP
Joshua B. Farr P74107                       900 Wilshire Dr., Ste. 300
Mike Morse Law Firm                         Troy, MI 48084
24901 Northwestern Hwy., Ste. 700           Phone: (248) 647-6000, Fax: (248) 647-5210
Southfield, MI 48075-1816                   travis.mihelick@dinsmore.com
Phone: (248) 350-9050
jfarr@855mikewins.com                       Julia T. Stuebing, P81227
mdebski@855mikewins.com                     Dinsmore & Shohl, LLP
                                            300 N. Fifth Ave., Ste. 120
                                            Ann Arbor, MI  48104
*Attorneys for Plaintiff*                   Phone: (734) 773-4051, Fax: (734) 913-6007
                                            julia.stuebing@dinsmore.com

                                            *Attorneys for DoorDash, Inc. only*

---

## NOTICE OF FILING OF REMOVAL

---

To: Clerk of the Court, Wayne County Circuit Court

PLEASE TAKE NOTICE THAT Defendant DoorDash, Inc., filed today its Notice of Removal, a copy of which is attached hereto, in the offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226.

Date:  June 8, 2022                         DINSMORE & SHOHL, LLP

                                            /s/ Julia T. Stuebing
                                            _____
                                            J. Travis Mihelick, P73050
                                            Dinsmore & Shohl, LLP
                                            900 Wilshire Dr., Ste. 300
                                            Troy, MI 48084
                                            Phone: (248) 647-6000, Fax: (248) 647-5210
                                            travis.mihelick@dinsmore.com

                                            Julia T. Stuebing, P81227
                                            Dinsmore & Shohl, LLP
                                            300 N. Fifth Ave., Ste. 120
                                            Ann Arbor, MI  48104
                                            Phone: (734) 773-4051, Fax: (734) 913-6007
                                            julia.stuebing@dinsmore.com

                                            *Attorneys for DoorDash, Inc. only*

## **PROOF OF SERVICE**

I hereby certify that the foregoing was served on counsel of record via e-mail and U.S. Mail on June 8, 2022. I declare the foregoing is true to the best of my information, knowledge, and belief.

                                            /s/ Julia T. Stuebing
                                            _____
                                            Julia T. Stuebing

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS PEREZ,                                    Case No. 22-11265
Plaintiff,                                       District Court Judge
                                                 Magistrate Judge
v.

JOHN DOE, an individual whose identity is
currently unknown, and DOORDASH, INC.,
Defendants.

| | |
|---|---|
| Marc J. Mendelson P52798 | J. Travis Mihelick, P73050 |
| Eric M. Simpson P57232 | Dinsmore & Shohl, LLP |
| Joshua B. Farr P74107 | 900 Wilshire Dr., Ste. 300 |
| Mike Morse Law Firm | Troy, MI 48084 |
| 24901 Northwestern Hwy., Ste. 700 | Phone: (248) 647-6000, Fax: (248) 647-5210 |
| Southfield, MI 48075-1816 | travis.mihelick@dinsmore.com |
| Phone: (248) 350-9050 | |
| jfarr@855mikewins.com | Julia T. Stuebing, P81227 |
| mdebski@855mikewins.com | Dinsmore & Shohl, LLP |
| | 300 N. Fifth Ave., Ste. 120 |
| *Attorneys for Plaintiff* | Ann Arbor, MI 48104 |
| | Phone: (734) 773-4051, Fax: (734) 913-6007 |
| | julia.stuebing@dinsmore.com |
| | |
| | *Attorneys for DoorDash, Inc. only* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2022 I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system, and served the same to the following by e-mail and

U.S. Mail on:

Marc J. Mendelson P52798
Eric M. Simpson P57232
Joshua B. Farr P74107
Mike Morse Law Firm
24901 Northwestern Hwy., Ste. 700
Southfield, MI 48075-1816
Phone: (248) 350-9050

jfarr@855mikewins.com
mdebski@855mikewins.com

*Attorneys for Plaintiff*

I declare the foregoing is true to the best of my information, knowledge, and belief.

Date:  June 8, 2022                                  DINSMORE & SHOHL, LLP

                                                    */s/ Julia T. Stuebing*

                                                    _____
                                                    J. Travis Mihelick, P73050
                                                    Dinsmore & Shohl, LLP
                                                    900 Wilshire Dr., Ste. 300
                                                    Troy, MI 48084
                                                    Phone: (248) 647-6000, Fax: (248) 647-5210
                                                    travis.mihelick@dinsmore.com

                                                    Julia T. Stuebing, P81227
                                                    Dinsmore & Shohl, LLP
                                                    300 N. Fifth Ave., Ste. 120
                                                    Ann Arbor, MI  48104
                                                    Phone: (734) 773-4051, Fax: (734) 913-6007
                                                    julia.stuebing@dinsmore.com

                                                    *Attorneys for DoorDash, Inc. only*

25274028.1

13

# Exhibit 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LOUIS PEREZ,                                                    Case No: 22          NI

        Plaintiff,                                              Hon.

vs.

JOHN DOE, an individual whose
identity is currently unknown,
and DOORDASH, INC.,

        Defendants.
_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
jfarr@855mikewins.com
mdebski@855mikewins.com
_____/

## **COMPLAINT**

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this Complaint pending in this Court, nor
has any such action been previously filed and dismissed or transferred after having
been assigned to a judge. MCR 1.109(D)(2)(a)(i).

*/s/ Joshua B. Farr*

_____
Marc J. Mendelson P-52798
Joshua B. Farr P-74107

NOW COMES Plaintiff, Louis Perez, by and through his attorneys, Mike Morse Law Firm,

and for his Complaint against the above named Defendants, John Doe, an individual whose identity

is currently unknown and DoorDash, Inc., states as follows:

22-005342-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   5/5/2022 3:38 PM   Angila Mayfield

**COMMON ALLEGATIONS**

1. Plaintiff, Louis Perez, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. The residence of Defendant, John Doe, an individual whose identity is currently unknown, is currently unknown.

3. Defendant, DoorDash, Inc., is a Michigan corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**COUNT I**
**NEGLIGENCE CLAIM AS TO DEFENDANT,**
**JOHN DOE, AN INDIVIDUAL WHOSE IDENTITY IS CURRENTLY UNKNOWN**

5. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 4 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

6. On or about September 25, 2020, Plaintiff, Louis Perez, was the operator of a 2020 TaoTao scooter, which scooter was being operated in a careful and prudent manner on northbound Goulburn Street, at or near the intersection of Minden Street, in the City of Detroit, County of Wayne, State of Michigan.

7. At the aforementioned place and time, Defendant, John Doe, an individual whose

2

identity is currently unknown, was the owner and operator of a certain Nissan motor vehicle, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on northbound Goulburn Street, at or near the intersection of Minden Street, in the City of Detroit, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff/Plaintiff's scooter, causing serious and permanent injuries to Plaintiff, Louis Perez, as hereinafter alleged.

8.     On the aforementioned day and date, Defendant, John Doe, an individual whose identity is currently unknown, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit.

9.     Contrary to the duties owed to Plaintiff, Defendant, John Doe, an individual whose identity is currently unknown, was negligent, careless and reckless in several respects, including the following:

    (a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    (b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

    (c)    Failing to keep the motor vehicle constantly under control;

    (d)    Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    (e)    Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

    (f)    Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff/Plaintiff's scooter would endanger the life or property of other persons using the roadway;

3

(g)   Failing to yield, MCL 257.649;

(h)   Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff/Plaintiff's scooter;

(i)   Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j)   Failing to make timely use of the braking system with which said vehicle is equipped;

(k)   Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)   Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)   Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(n)   In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent motor vehicle operator under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged; and,

(o)   Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

10.   As a result of said collision, Plaintiff, Louis Perez, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of his natural enjoyments of life, due to his injuries which include but are not limited to: ***blunt, traumatic injuries to his left knee including a complete tear to his anterior cruciate ligament, a medial meniscus tear, and tear to his medial collateral ligament requiring surgical intervention, and traumatic injuries to his***

4

**back,** among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects the Plaintiff's general ability to lead his normal life.

11.     That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

12.     Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Louis Perez, respectfully requests that judgment be entered in his favor against Defendant, John Doe, an individual whose identity is currently unknown, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

**<ins>COUNT II</ins>**
**NEGLIGENCE and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT,**
**<ins>DOORDASH, INC.</ins>**

13.     Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint as if more specifically set forth herein

5

word for word and paragraph by paragraph.

14.     On September 25, 2020, upon information and belief, Defendant, John Doe, an individual whose identity is currently unknown, was acting within the course and scope of his employment with Defendant, DoorDash, Inc., when he negligently struck Plaintiff/Plaintiff's scooter while operating the Nissan motor vehicle.

15.     Based upon information and belief, Defendant, DoorDash, Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, John Doe, an individual whose identity is currently unknown, in that it employed the negligent driver, Defendant, John Doe, an individual whose identity is currently unknown, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

16.     Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Louis Perez, respectfully requests that judgment be entered in his favor against Defendants, John Doe, an individual whose identity is currently unknown and DoorDash, Inc., for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

6

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, DOORDASH, INC.

17.     Plaintiff, Louis Perez, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 16 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

18.     On September 25, 2020, Defendant, John Doe, an individual whose identity is currently unknown, was employed by Defendant, DoorDash, Inc.

19.     Defendant, DoorDash, Inc., is responsible for those negligent acts performed within the scope of Defendant, John Doe, an individual whose identity is currently unknown's, employment.

20.     Defendant, DoorDash, Inc., hired Defendant John Doe, an individual whose identity is currently unknown.

21.     Defendant, DoorDash, Inc., had a duty to investigate Defendant, John Doe, an individual whose identity is currently unknown, Defendant, John Doe, an individual whose identity is currently unknown's, driving record and Defendant, John Doe, an individual whose identity is currently unknown's, driving ability.

22.     Defendant, DoorDash, Inc., failed to properly investigate Defendant, John Doe, an individual whose identity is currently unknown, Defendant, John Doe, an individual whose identity is currently unknown's driving record and Defendant, John Doe, an individual whose identity is currently unknown's, driving ability and made insufficient efforts to investigate whether or not Defendant, John Doe, an individual whose identity is currently unknown, was a safe, fit and competent driver.

23.     Defendant, DoorDash, Inc., knew, had reason to know or should have known, that

7

Defendant, John Doe, an individual whose identity is currently unknown, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

24.    Defendant, DoorDash, Inc., knew or had reason to know or should have known that by hiring Defendant, John Doe, an individual whose identity is currently unknown, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, DoorDash, Inc., and/or Defendant, John Doe, an individual whose identity is currently unknown, caused Plaintiff's injuries.

25.    Defendant, DoorDash, Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, John Doe, an individual whose identity is currently unknown, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

26.    The negligence of Defendant, DoorDash, Inc., in hiring and/or retaining and/or supervising Defendant, John Doe, an individual whose identity is currently unknown, was a proximate cause of Plaintiff's injuries.

27.    Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Louis Perez, respectfully requests that judgment be entered in his favor against Defendant, DoorDash, Inc., and Defendant, John Doe, an individual whose identity

8

is currently unknown, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

**/s/ Joshua B. Farr**

_____

Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Joshua B. Farr P-74107
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated:   May 5, 2022

9

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LOUIS PEREZ,                                                        Case No: 22          NI

                Plaintiff,                                              Hon.

vs.

JOHN DOE, an individual whose
identity is currently unknown,
and DOORDASH, INC.,

                Defendants.

_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
jfarr@855mikewins.com
mdebski@855mikewins.com

_____/

## JURY DEMAND

      Plaintiff, Louis Perez, by and through his attorneys, Mike Morse Law Firm, hereby

respectfully demands a trial by jury on all issues in this cause of action.

                      Respectfully submitted,

                      MIKE MORSE LAW FIRM
                      Attorneys for Plaintiff

                      **/s/ Joshua B. Farr**

                      _____
                      Marc J. Mendelson P-52798
                      Eric M. Simpson P-57232
                      Joshua B. Farr P-74107
                      24901 Northwestern Highway, Suite 700
                      Southfield, Michigan 48075
                      (248) 350-9050

Dated:  May 5, 2022

22-005342-NI FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    5/5/2022 3:38 PM    Angila Mayfield

24

**SUMMONS**
Case No. : **22-005342-NI**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**     **OR**     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ |  | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | **Total fee** $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with **Jury Demand**
Attachments
_____ on **Thursday, May 19, 2022 at 10:23 am**
Day, date, time

[signature] **P81227** on behalf of **Door Dash, Inc.**
Signature

25

# Exhibit 2

# LARA Corporations Online Filing System
## Department of Licensing and Regulatory Affairs

---

**ID Number:** 802308746          [Request certificate]   [Return to Results]   [New search]

**Summary for:  DOORDASH, INC.**

**The name of the FOREIGN PROFIT CORPORATION:**   DOORDASH, INC.

---

**Entity type:**   FOREIGN PROFIT CORPORATION

**Identification Number:** 802308746

---

**Date of Qualification in Michigan:**   04/08/2019

---

**Incorporated under the laws of:** the state of Delaware

**Purpose:**

---

**Term:**   Perpetual

---

**Most Recent Annual Report:**   2022          **Most Recent Annual Report with Officers & Directors:**   2022

---

**The name and address of the Resident Agent:**

| | |
|---|---|
| Resident Agent Name: | C T CORPORATION SYSTEM |
| Street Address: | 40600 ANN ARBOR RD E STE 201 |
| Apt/Suite/Other: | |
| City: | PLYMOUTH          State:  MI          Zip Code:  48170 |

**Registered Office Mailing address:**

| | |
|---|---|
| P.O. Box or Street Address: | 28 LIBERTY STREET, 26TH FLOOR |
| Apt/Suite/Other: | SUITE 500 |
| City: | NEW YORK          State:  NY          Zip Code:  10005 |

---

**The Officers and Directors of the Corporation:**

| Title | Name | Address |
|---|---|---|
| PRESIDENT | TONY XU | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| TREASURER | PRABIR ADARKAR | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| SECRETARY | KEITH YANDELL | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | STANLEY MERESEMAN | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | L. JOHN DOERR | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | JEFFREY HOUSENBOLD | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | JEREMY KRANZ | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |

| DIRECTOR | ALFRED LIN | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | SHONA BROWN | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | STANLEY TANG | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | TONY XU | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |
| DIRECTOR | ANDY FANG | 303 2ND STREET, SOUTH TOWER STE 800 SAN FRANCISCO, CA 94107-1366 USA |

**Acts Subject To:** 284-1972 Business Corporation Act

| Total Authorized Shares | Shares Attributable to Michigan | Most Recent Apportionment % | Year Ending |
| --- | --- | --- | --- |
| 96,822,626 | 2,258,679 | 1.9747% | 2020 |

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
CERTIFICATE OF CORRECTION
CERTIFICATE OF CHANGE OF REGISTERED OFFICE AND/OR RESIDENT AGENT
RESIGNATION OF RESIDENT AGENT
CERTIFICATE OF ASSUMED NAME

[View filings]

**Comments or notes associated with this business entity:**

LARA FOIA Process    Transparency    Office of Regulatory Reinvention    State Web Sites

Michigan.gov Home    ADA    Michigan News    Policies

Copyright 2022 State of Michigan

28